HOLT COUNTY, APPELLEE, v. JOHN MULLEN, APPELLANT.

FILED FEBRUARY 13, 1934. No. 29041.

*George M. Harrington,* for appellant.

*Deutsch & Stevens, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and BLACKLEDGE and RYAN, District Judges.

BLACKLEDGE, District Judge.

In this, a case under the workmen's compensation act, the original claimant, John Mullen, a minor, who sues by his father as next friend and is defendant herein, made application to recover compensation from the county of Holt. It appears that there was a stretch of highway near the farm home of the father, Michael Mullen, in need of repair and the proper authorities of Holt county con-

tracted with Michael Mullen to furnish two men with teams and wagons to haul gravel and distribute it on the highway for the purpose of effecting such repair work. Michael Mullen owned the teams and wagons and started the work by putting his hired man on the job with one team and wagon and his son John Mullen, a minor under the age of 16, on the other wagon. In the course of the work, the team which the boy, John Mullen, drove became frightened and ran away throwing him out, and from which he suffered a skull fracture, which injury forms the basis of this suit. Michael Mullen, the father, did not carry compensation insurance and the county with whom he contracted did not require him to carry such insurance; whereby it is claimed, and not controverted herein, that because of such failure on the part of the county to require Michael Mullen to carry insurance the county became liable with him in the event a proper compensation claim should arise. Comp. St. 1929, sec. 48-116.

The questions presented as the basis of this appeal arise upon the propositions whether there was a contract of hire between the father and his minor son, and whether the son had been emancipated so that such contract could be made and established in this case. It appears to be the position of both sides to the suit that, in order for the claimant to maintain his suit against the county, he must have established both his emancipation and a direct contract of hire between himself and his father, to which purpose, and the defeat thereof, the efforts of the parties at the trial were principally applied.

Upon the threshold of the case, however, there arises this proposition. The appellant makes complaint that he was wrongly denied the privilege in the district court of amending his answer so as to allege a direct contract of hire between himself and his father instead of an implied contract which he had pleaded. The record shows that in his pleadings before the compensation commissioner the claimant alleged an implied contract. He also in the district court, in his answer which he was given leave to file

at the beginning of the trial, alleged an implied contract. It appears that, at the conclusion of the trial after the evidence was all in, the claimant asked leave to so amend his answer as to change his allegation from that of an implied contract with the father to a direct contract, which request was denied by the trial court. Complaint is here made of that ruling. The application to amend appears at the close of the bill of exceptions, and the final ruling thereon by the district court is:

"I have been quite liberal in the matter of allowing amendments to pleadings, both as to substance and as to time; in fact, too liberal. This case was tried; the evidence was taken and submitted, except the matter of the bank account of the young man at Emmett. No such motion as this was presented before or during the trial and it will be disallowed."

The appellant bases his contention here upon abuse of discretion by the district court in refusing to permit the amendment. Upon the record we cannot so hold. It is true that our statutes, and rules of the court as well, are liberal in matters of amendment of pleadings, but the trial court has and must necessarily have a reasonable discretion in such matters. It appears that, not only having pleaded an implied contract before the commissioner and repleaded the same in his amended answer which was allowed immediately prior to the trial, the court had been reasonably liberal, and that the character of the proposed amendment was such as to materially change the basis of the defendant's suit and claim, so that we cannot say that there was an abuse of discretion by the trial court in refusing, after the trial was over, to allow such an amendment.

This then leaves the case in the situation that the allegations of the defendant's answer do not agree with his proofs and he does not plead the sort of contract which, it seems to be conceded by both parties, is necessary to support his claim.

Assuming, however, that the proposed amendment may

have been allowable, we then proceed to an examination of the question whether the minor son, claimant, had been emancipated so that he could contract with his father in the present instance, and whether there was a direct contract of hire between the father and the son under which the son was working at this time so as to bring him within the provisions of the compensation law. Upon this question we have reviewed the evidence as contained in the bill of exceptions in detail. To set the same out herein would unnecessarily extend the length of this opinion. It must suffice to say that our conclusion is that the district court was right in its finding upon both of said propositions, and that the evidence herein is not sufficient to support a finding either that the claimant had been emancipated or that there was a direct contract of hire between him and his father. In reference to a similar matter, there is language in the opinion in the case of *Aetna Life Ins. Co. v. Industrial Accident Commission,* 175 Cal. 91, quite applicable to the present situation, from which we quote:

"Nor, finally, does the fact that the father from time to time gave the son small sums of money, even though both father and son should testify that these sums were on account of payment of wages, at all militate against the incontrovertible fact that the son had not been emancipated. A son nineteen years of age was surely entitled to some spending money, and as his earnings belonged wholly to his father, it would be strange indeed if his father did not give him such sums for his own purposes. Many fathers are called upon to do the same thing, and many, to encourage their sons to form habits of industry and frugality, and 'to learn the value of money,' make these donations dependent to a greater or less extent upon the conduct and services of the child. But such payments in no sense work an emancipation of the child himself."

It follows that the judgment of the district court should be and is

**AFFIRMED.**